UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS BERNHARDI et al.,

                Plaintiffs,          ORDER
                                          03-CV-6372
v.

LOWE'S COMPANIES, INC. et al.,

                Defendants.
_____

    At issue before this Court is a website created by plaintiffs' counsel for the purpose of notifying the public about its lawsuit against defendants for alleged violations of the Fair Labor Standards Act. Currently before the Court is defendants' motion to terminate the website, which defendants contend is misleading. (Docket # 394). Defendants also argue that the website violates the parties' stipulated order, which was signed by Judge Michael A. Telesca on September 8, 2003. (Docket #22).[1] However, at oral argument before this Court on November 16, 2004, defense counsel admitted that the stipulated order did not specifically prohibit plaintiffs' internet notice. The order, which was drafted by the parties, could have addressed potential internet advertising, but it did not.

    Moreover, the Supreme Court has expressed concern over court orders that restrict a party's ability to communicate with

_____

[1] By order of Judge Michael A. Telesca dated September 22, 2003, all non-dispositive motions have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket #94).

potential plaintiffs.  In <u>Gulf Oil Company v. Bernard</u>, 452 U.S. 89 (1981), the Court stated that "an order limiting communications between parties and potential class members should . . . reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  <u>Gulf Oil Company</u>, 452 U.S. at 102.  The Court emphasized that such orders should be "carefully drawn" to limit speech "as little as possible."  <u>Id</u>.  The Court cautioned against "routine adoption of a communications ban that interferes with the formation of a class."  <u>Id.</u> at 104; <u>Rossini v. Ogilvy & Mather, Inc.</u>, 798 F.2d 590, 602 (2d Cir. 1986).

Here, defendants have not demonstrated a sufficient need to limit counsel's communications with the public about this lawsuit. Therefore, defendants' motion to remove the internet notice is hereby **denied**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November **23** 2004
       Rochester, New York

2